UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES RAY KNUCKLES, #278167,
        Petitioner,

v.                                                  Case No. 08-10942
                                                   Honorable Patrick J. Duggan

THOMAS K. BELL,
        Respondent.
_____/

## ORDER DENYING PETITIONER'S LETTER REQUEST

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on April 30, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

The Court has before it Petitioner Charles Ray Knuckle's letter request seeking relief from judgment and medical records concerning the Court's non-prejudicial dismissal of his *pro se* habeas corpus petition on exhaustion grounds. Although Petitioner requests relief from judgment, his motion actually seeks reconsideration of the Court's ruling dismissing his petition. A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of

1

showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3).

Further, even if the Court considers Petitioner's request as one brought pursuant to Federal Rule of Civil Procedure 60(b), he is not entitled to relief. Under that rule, a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b). Having considered the matter, the Court concludes that it did not err in dismissing the habeas petition on exhaustion grounds. Accordingly, the Court **DENIES** Petitioner's letter request for relief from judgment and medical records. This case is CLOSED.

    **IT IS SO ORDERED**.

                                                       s/PATRICK J. DUGGAN
                                                       UNITED STATES DISTRICT JUDGE

Copy to:
Charles Ray Knuckles #278167
Gus Harrison Correctional Facility
2727 East Beecher St.
Adrian, MI 49221